Judgment rendered July 15, 2026.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,916-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

KAYLA DAVIS AND GENESIS                    Plaintiffs-Appellants
SCHAPER, INDIVIDUALLY AND
ON HER BEHALF OF HER
MINOR SON, L.S.H.

versus

OLD AMERICAN INDEMNITY                     Defendants-Appellees
COMPANY, LATONYA HARRIS,
PROGRESSIVE PALOVERDE
INSURANCE COMPANY,
ROBERT KENNETH SWILLEY,
SENTRY INSURANCE
COMPANY, LVT TRUCKING,
LLC, AARON SCANTLING,
HIGHLANDER SPECIALTY
INSURANCE COMPANY, PENN-
AMERICA INSURANCE
COMPANY, TIGERS TRANS,
LLC, AND BENIYAM Y. GEBRU

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 652,796

Honorable Ramon Lafitte, Judge

* * * * *

PATRICK RICHMOND JACKSON, APLC        Counsel for Appellants
By: Patrick R. Jackson
    Ryan O. Goodwin

LUNN IRION LAW FIRM, LLC
By: Alexander J. Mijalis

Counsel for Appellees,
Progressive Paloverde
Insurance Company and
Robert Kenneth Swilley

JONES WALKER, LLP
By: Robert K. Denny

Counsel for Appellee,
Sentry Insurance Co.

GARRISON, YOUNT, FORTE,
& MULCAHY, L.L.C.
By: Annissa Alario
    Kevin F. Truxillo

Counsel for Appellees,
Highlander Specialty
Insurance Company,
Tigers Trans LLC, and
Beniyam Y. Gebru

\* \* \* \* \*

Before ROBINSON, MARCOTTE, and ELLENDER, JJ.

**MARCOTTE, J.**

This civil writ converted to an appeal arises from the First Judicial District Court, Parish of Caddo, the Honorable Ramon Lafitte presiding. Plaintiffs appeal the trial court's granting defendant-insurer's exception of no right of action, dismissing it from the case without prejudice, and ordering its name struck from the case caption of all pleadings. For the following reasons, we affirm the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

On September 17, 2024, Kayla Davis and Genesis Schaper, individually and on behalf of her minor son, L.S.H., filed a petition for damages that they alleged resulted from a traffic collision that occurred in Caddo Parish on May 12, 2024. Plaintiffs named 11 defendants, including Sentry Select Insurance Company ("Sentry"), the insurer for defendants Aaron Scantling and LVT Trucking.[1]

Sentry filed an exception of no right of action asking that the trial court dismiss plaintiffs' claims against it. Sentry argued that La. R.S. 22:1269, the Louisiana Direct Action Statute (the "LDAS"), was amended, and the amendment, effective August 1, 2024, no longer allowed an injured party to directly sue an insurer except in specific circumstances, which it said were inapplicable in the instant case. Sentry argued that the LDAS created a procedural right of action against insurers, and, as such, the amendment to the law applied to plaintiffs' claims retroactively. So, while the events giving rise to their claims occurred before the amendment went

---

[1] In the petition and case caption, plaintiffs referred to Sentry as "Sentry Insurance Company." Sentry clarified its name in its exception.

into effect on August 1, 2024, they did not file suit until after that date, so they then had no right of action to sue the insurer.

Plaintiffs opposed the exception arguing that jurisprudence said that the right to directly sue an insurer was a substantive right; thus, the LDAS could only be applied prospectively and not retroactively. So, because the events giving rise to their claim occurred before the amendment's effective date, plaintiffs argued they could still bring a direct action against the insurer. Plaintiffs asked that the trial court deny Sentry's exception.

On February 3, 2025, following a hearing, the trial court granted defendant's exception. On February 20, 2025, the trial court signed a judgment granting Sentry's exception of no right of action, dismissing it without prejudice from the case, and striking its name from the caption of all pleadings. The trial court ordered the parties to bear their own costs. Plaintiffs sought supervisory review of that judgment, and this court converted their writ to an appeal.

## DISCUSSION

Plaintiffs assign the following errors:

1) The trial court erred in sustaining the exception of no right of action.

2) The trial court erred in failing to find that the LDAS confers a substantive right which vests at the time of the accident or at the time the accident is reported, not only upon filing suit.

3) The trial court erred in relying on La. C.C. art. 6 to find that the amendments to the LDAS applies retroactively.

The exception of no right of action presents a question of law, and an appellate court reviews a trial court's ruling granting such an exception *de novo*. *Badeaux v. Sw. Computer Bureau, Inc.*, 05-0612 (La. 3/17/06), 929

2

So. 2d 1211; *Succession of Mabray,* 56,102 (La. App. 2 Cir. 2/26/25), 408 So. 3d 1071.

Upon *de novo* review, we find that the trial court did not err in granting defendant's exception of no right of action. This court recently held that the pre-amendment LDAS is a procedural statute which confers upon a plaintiff a procedural right to name an insurer as a party where a substantive cause of action against the insured already exists. As a procedural right, the amendment to the law applies retroactively. *Morgan v. Southern Hospitality Servs., LLC*, 56,751 (La. App. 2 Cir. 5/20/26), __ So. 3d __, 2026 WL 1410146. The facts here are identical to those in *Morgan*, and we incorporate our reasoning found in that opinion in this case.

Plaintiffs' cause of action arose on May 12, 2024, when the alleged auto accident occurred, but they did not file suit until September 17, 2024, after the amended LDAS went into effect. No facts in the record show that plaintiffs invoked their procedural right before filing their petition for damages. Accordingly, consistent with our prior ruling on this issue, we affirm the trial court's ruling. Plaintiffs' other assignments of error are moot.

**CONCLUSION**

For the foregoing reasons, we affirm the trial court's ruling granting Sentry's exception of no right of action, dismissing it without prejudice from the case, and striking its name from the caption of all pleadings. The costs of the appeal are assigned to plaintiffs.

**AFFIRMED.**